Kern, Leila R., J.
This matter arises from a dispute over the disposition of funds resulting from an insurance settlement agreement. The defendant, OneB-eacon Insurance Group, settled Douglas Balakovich’s personal injuiy claim for $15,000. The plaintiff, James Ellis, represented Balakovich in the matter. The defendant subsequently paid $3,804.89 of the settlement funds to the Commonwealth to retire a MassHealth lien and sent a check for the remaining $11,159.41 to the plaintiff. The plaintiff responded by filing a complaint seeking a declaratoiy judgment (Count I), and also, alleging fraud and deceit - G.L. 93A (Count II), and tortious interference in contractual or advantageous relations - G.L. 93A (Count III). The matter is now before this court on the defendant’s Motion for Summary Judgment. For the reasons stated below, the defendant’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
The following relevant facts are taken from the summary judgment record in the light most favorable to the nonmoving party. See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
The plaintiff represented Balakovich in his suit against the defendant to obtain compensation from OneBeacon for personal injuries sustained in an accident. On July 18, 2007, the defendant agreed to settle Balakovich’s claim for $15,000. On September 26, 2007, the parties executed a settlement agreement. On October 23, 2007, the defendant accessed the Department of Revenue’s database and learned the Commonwealth of Massachusetts had placed a lien against Balakovich to recover the cost of medical treatment provided to him by MassHealth. Approximately one week later, MassHealth informed the defendant that a lien had been placed against Balakovich for *73 $3,840.49. Subsequently, on October 29, 2007, the defendant issued checks to MassHealth for $3,840.49 and to the plaintiff for $11,159.41, the balance of the $15,000 settlement. The plaintiff claims that, pursuant to the settlement agreement, the parties intended for the $15,000 to be used primarily to pay attorneys fees that Balakovich owed to the plaintiff.
DISCUSSION

The Payment Intercept Program

Pursuant to G.L.c. 175, §24E, a lien for paid medical assistance in favor of the Commonwealth automatically attaches to any judgment or settlement paid by an insurance company. The statute requires an insurance company making payments of greater than $500 to exchange information with the Division of Medical Assistance not less than ten days prior to paying a claimant who has received public assistance benefits. G.L.c. 175, §24E(a). Furthermore, a claimant or a claimant’s attorney must also notify the DMA within ten days of the start of a civil action or other proceeding commenced to establish liability or to collect on an insurance claim. G.L.c. 18, §5G; G.L.c. 188E, §22; 106 Code of Mass Reg. 702.800.
Under G.L.c. 18, §5G and G.L.c. 188E, §22, the Commonwealth’s lien is perfected and must be paid when an insurance company receives notice of the lien. According to the Payment Intercept Program PIP User Guide, published by the Massachusetts Department of Revenue, a MassHealth lien shares the highest payment priority with “[a]ny party who has provided or will provide a documented benefit or service in connection with the insurance claim, such as attorneys.” The User Guide directs insurance companies to determine the proper distribution of funds and to send separate checks in full or partial satisfaction of liens owed to the Commonwealth. “No third party shall require written authorization from the claimant before honoring the Commonwealth’s right under this section.” G.L.c. 18, §5G.
The Defendant’s Liability for Payments It Made to MassHealth from the Settlement Proceeds
Once MassHealth’s lien was perfected, the defendant was required to pay that sum directly to the Commonwealth, and to remit the remainder to the plaintiff. The defendant cannot be held liable for its actions because it enjoys complete immunity against suits by third parties resulting from its decision to pay the Commonwealth’s lien. G.L.c. 175, §24E(c). For these reasons, the defendant’s Motion for Summary Judgment is ALLOWED.
ORDER
For the reasons stated herein, the defendant One-Beacon Insurance Group’s Motion for Summary Judgment is ALLOWED as to all counts.